UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

MARY E. SWIMS,

       Plaintiff,

  v.                                                       Case No. 04-C-0498

JO ANNE B. BARNHART,
Commissioner of the Social Security Administration,

       Defendant.

_____

## O R D E R

This is an action for judicial review of the final decision of the Commissioner of Social Security, denying plaintiff's application for disability insurance benefits. The plaintiff argues that the Administrative Law Judge ("ALJ") who held a hearing on the plaintiff's claim did not adequately assess the plaintiff's credibility regarding her complaints of pain, improperly rejected reports of the plaintiff's treating psychiatrist, and relied upon the unreliable testimony of a vocational expert. Because the ALJ did not err in these respects, the court finds that the ALJ's decision is supported by substantial evidence.

## BACKGROUND

The plaintiff alleges disability since March 21, 2000, due to diabetes, hypertension, asthma, and heart problems. On May 31, 2001, ALJ Margaret O'Grady held a hearing on the plaintiff's claim for benefits. On September 21, 2001, the ALJ issued a written decision finding that the plaintiff was not under a disability. The ALJ determined that the plaintiff had the residual functional capacity to perform unskilled, routine light work that allowed her to alternate between sitting and standing and did not require exposure to extreme temperatures or humidity. The ALJ determined that the plaintiff retained the ability to perform her past relevant work as a teacher's aide and that she was not disabled and not entitled to disability insurance benefits. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied her request for review. The plaintiff filed this action in federal court appealing the Commissioner's decision. The issues are fully briefed.

## ANALYSIS

The court reviews for substantial evidence an ALJ's decision that an applicant is not disabled. 42 U.S.C. § 405(g); *Jens v. Barnhart*, 347 F.3d 209, 212 (7th Cir. 2003). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The court reviews the record as a whole but does not

reweigh the evidence or substitute its judgment for that of the ALJ. *Jens*, 347 F.3d at 212. However, where the Commissioner's decision "lacks evidentiary support or is so poorly articulated as to prevent meaningful review, the case must be remanded." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). While written evaluation of every piece of evidence on claim for social security disability benefits is not required, the ALJ must sufficiently articulate his or her assessment of evidence to assure reviewing court that ALJ considered important evidence and to enable court to trace path of ALJ's reasoning. *See Rohan v. Chater*, 98 F.3d 966, 971 (7th Cir. 1996).

I.   Credibility determination

The plaintiff argues that the ALJ did not adequately assess the plaintiff's credibility. The ALJ stated: "Without necessarily minimizing claimant's pain complaints entirely, the undersigned believes that they are not as severe or limiting as claimant has alleged and at the very least claimant would retain the physical capacity for light work . . . and could still perform her past work as a teacher's aide." (Tr. 22.) In arriving at her conclusion, the ALJ noted that the plaintiff's hypertension, diabetes, and asthma are well controlled with medication. (*Id.*) The ALJ noted that the plaintiff's primary care physician opined that the plaintiff's conditions were stable and that he would not support the plaintiff's disability claim. (*Id.*) The ALJ stated that the plaintiff's activities suggest that she

is quite active. (*Id.*) The ALJ noted that the plaintiff has been approved as a foster parent as well as caring for a couple of children doing respite care. (*Id.*) The ALJ noted that plaintiff takes only over-the-counter medications for her pain complaints. (*Id.*)

When evaluating the credibility of subjective complaints, an ALJ determines whether the testimony is substantiated by objective medical evidence. *See Scheck v. Barnhart*, 357 F.3d 697, 703 (7th Cir. 2004) (citing *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984)). The other factors that an ALJ considers include: (1) the claimant's daily activity; (2) the duration, frequency, and intensity of pain; (3) the precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions. *Id.*; 20 C.F.R. § 404.1529(c)(3)(i)-(vii). An ALJ, however, is not required to discuss methodically each *Polaski* consideration, *see Brown v. Chater*, 87 F.3d 963, 966 (8th Cir. 1996), because "[n]o principle of administrative law or common sense requires [the court] to remand a case in quest of a perfect opinion unless there is a reason to believe that the remand might lead to a different result." *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989); *Shramek v. Apfel*, 226 F.3d 809, 811 (7th Cir. 2000) ("[W]e give the [ALJ's] opinion a commonsensical reading rather than nitpicking at it.") (internal quotations and citations omitted). Still, the ALJ must articulate the basis of the credibility determination. *See Golembiewski v.*

- 4 -
Case 2:04-cv-00498-JPS   Filed 07/27/05   Page 4 of 13   Document 20

*Barnhart*, 322 F.3d 912, 916 (7th Cir. 2003) (holding that Social Security Ruling 96-7p requires an ALJ to specify reasons for credibility finding); *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) ("But regardless whether there is enough evidence in the record to support the ALJ's decision, principles of administrative law require the ALJ to rationally articulate the grounds for her decision and confine our review to the reasons supplied by the ALJ."); SSR 96-7p. So long as the ALJ bases his credibility determination on *Polaski* factors and articulates the basis of the determination, his credibility determination is entitled to special deference and will not be disturbed unless it is "patently wrong." *See Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir. 2000); *Diaz v. Chater*, 55 F.3d 300, 308 (7th Cir. 1995); *see also Carradine v. Barnhart*, 360 F.3d 751, 754-56 (7th Cir. 2004) (reversing ALJ's credibility determination where the ALJ's reasoning contained "serious errors in reasoning" and "deep logical flaws").

In this case, the ALJ based her credibility determination on the relevant factors, articulated her reasoning, and did not arrive at a conclusion that is patently wrong. The ALJ appropriately noted that the objective medical evidence, including the opinion of the plaintiff's primary care physician, did not support the plaintiff's testimony regarding the extent of her pain. *See Scheck*, 357 F.3d at 703 (considering the objective medical evidence should be one factor in the ALJ's credibility determination). The ALJ appropriately considered other factors

relevant in making a credibility determination, including the fact that the plaintiff's conditions are under control with medication, the plaintiff's daily activities suggest that she is quite active, and claimant takes only over-the-counter medication for her pain complaints. (Tr. 22.) These factors are relevant in making a credibility determination. *See* 20 C.F.R. §§ 404.1529(c)(3)(i)-(v) (daily activities and the type and effectiveness of medications are relevant factors in evaluating credibility); *see also Donahue v. Barnhart*, 279 F.3d 441, 444 (7th Cir. 2002) (evidence that claimant "relied for pain control on over-the-counter analgesics" supports the conclusion that the pain is not disabling).

The plaintiff raises a number of issues which the ALJ did not specifically address in making the credibility determination, including (1) the fact that the plaintiff only had foster children for short periods of time and had to stop because it was too stressful; (2) plaintiff's testimony that she had to reduce her hours at work from 40 to 12 per week because she was unable to maintain the pace required of her for full-time work; (3) plaintiff's testimony that she only does occasional light cleaning, cooks once or twice a week, sometimes cannot do her laundry because she cannot walk the steps, cannot walk very far and sometimes uses a cane, that her legs go out on her when she works all day, and that she must elevate her legs to relieve pain; (4) plaintiff's testimony that when she has stomach pain, she must sit in the bathroom until she can relieve herself; (5) plaintiff's

testimony that she experiences side effects of medication, such as inability to concentrate, becoming disoriented, falling asleep and being tired; (6) plaintiff's rating of her pain as a 10 on a scale of 0-10 due to her chronic headaches and bilateral knee and lower back pain when she has to stand and walk during a full day of work; and (7) plaintiff's testimony that she had chronic cough and hoarseness for which she was treated without much success.

For the most part, the evidence which the plaintiff raises consists of the plaintiff's testimony regarding her pain and other limitations. The ALJ concluded, however, that the plaintiff has some degree of pain and limitation but that the pain is not as severe or limiting as she has alleged. (Tr. 24.) The ALJ's conclusion is supported by the ALJ's consideration of the objective medical evidence, plaintiff's daily activities, and the effectiveness and type of plaintiff's medication, all appropriate factors in assessing credibility. Given the ALJ's reasoned conclusion that the plaintiff's pain complaints are not as severe as alleged, plaintiff's reliance upon her own testimony regarding the extent of her pain or fatigue are unavailing. The ALJ may not ignore an entire line of evidence, *see Zurawski v. Halter*, 245 F.3d 881, 888 (7th Cir. 2001), but that is not what happened here. The ALJ did not ignore the plaintiff's complaints of pain; rather, she determined that the plaintiff's complaints were not as severe as alleged. That conclusion is not patently wrong.

The plaintiff also raises several specific aspects of her daily activities and medical condition. With respect to her daily activities, the plaintiff argues that she only had foster children for a short period of time and that she is limited in her daily activities. She testified at her hearing, however, that she did light housework, laundry, dishes, cooked once or twice a week, kept the yard clean, swept the drive, took out the trash, grocery shopped, drove and attended church at least once per week. (Tr. 43-45.) With respect to her medical condition, the plaintiff argues that she experiences stomach pain, side effects from medication, and a cough. The record evidence, however, demonstrates that her bowel functions were under good control, (Tr. 270-72), and her reflux symptoms, including her cough, were reduced. (Tr. 459, 483.) Moreover, the plaintiff takes no issue with the ALJ's assessment of several aspects of the objective medical evidence in the record, including the opinion of the plaintiff's primary care physician who refused to support the plaintiff's claim for disability. (Tr. 22.) The court has no basis to re-weigh the ALJ's credibility determination.

II.  Treating psychiatrist

The plaintiff argues that the ALJ improperly rejected the opinions of Dr. Ray, the plaintiff's treating psychiatrist. The ALJ gave little weight to two forms filled out by Dr. Ray. (*See* Tr. 525-28.) In the forms, Dr. Ray indicates that the plaintiff has poor ability to deal with normal work stress, (Tr. 527), and that

"she has major depression that affects her attention, focus and concentration." (Tr. 525.) The ALJ explained her reasons for rejecting the reports. The ALJ explained that the reports are "inconsistent with the actual contemporaneous progress notes of Dr. Ray and the therapist at Sinai Samaritan Medical Center." (Tr. 23.) The ALJ also noted that the frequency of visits to Dr. Ray are intermittent. (*Id.*) The ALJ pointed out that Dr. Ray acknowledged that the infrequency of contacts would make it difficult for him to assess whether claimant's condition would cause her to be absent from work. (*Id.*) The ALJ described the progress notes as suggesting that claimant's depression is "more a function of financial concerns as opposed to any inherent reactive depression per se." (*Id.*) The ALJ noted that the plaintiff acknowledged to Dr. Ray as recently as January 19, 2001, that Paxil was helpful for her depression with no reference to any complaints of side effects from the anti-depressant. (*Id.*) The ALJ stated that she agreed with the mental health professionals for the Wisconsin Disability Determination Services and believes the plaintiff would retain the capacity for at least unskilled, routine types of tasks, including her past work as a teacher's aide. (*Id.*)

"A treating physician's opinion regarding the nature and severity of a medical condition is entitled to controlling weight if supported by the medical findings and consistent with substantial evidence in the record." *Skarbek v.*

*Barnhart,* 390 F.3d 500, 503 (7th Cir. 2004) (citations omitted). "An ALJ may discount a treating physician's medical opinion if it is inconsistent with the opinion of a consulting physician or when the treating physician's opinion is internally inconsistent." *Id.*

In this case, the ALJ sufficiently articulated her rejection of two reports from Dr. Ray by relying upon substantial evidence from the record. Most significantly, the ALJ explained why she believed that the reports were inconsistent with Dr. Ray's own progress notes. The plaintiff does not contest in any of her briefs that the reports were inconsistent with Dr. Ray's treatment notes or that the ALJ's reasoning was somehow flawed. Plaintiff argues, "(n)either the ALJ nor the Commissioner have explained how the ALJ reasonably rejected Dr. Ray's opinions, because they were inconsistent with his treatment notes." (Plaintiff's reply brief, at 3.) The ALJ, however, explained that the progress notes indicated that the plaintiff's depression was a function of the plaintiff's financial concerns and that anti-depressants allowed the plaintiff to function well with no reported negative side effects. (Tr. 23.) Based on these undisputed characterizations of the progress notes, the ALJ could have reasonably determined that the progress notes were inconsistent with the two rejected reports.

Moreover, the ALJ's recognition of the plaintiff's infrequent treatment by Dr. Ray is a factor that the ALJ may properly consider in determining what weight

to give to a treating physician's opinion. *See* 20 C.F.R. § 404.1527(d)(2)(i)-(ii); *see also Sienkiewicz v. Barnhart*, – F.3d –, 2005 WL 1274279, *5 (upholding an ALJ's credibility determination that was based in part upon an observation that the plaintiff sought medical treatment seven times in eight years and never sought treatment for allegedly disabling headaches). In this case, the ALJ pointed out that Dr. Ray himself acknowledged that the infrequency of his treatment of the plaintiff hinders his ability to assess the plaintiff's ability to function at work. (Tr. 23.) The rejection of Dr. Ray's reports of the plaintiff's limitations is reasonable.

III. Vocational expert's testimony

The plaintiff contends that the ALJ improperly rejected the opinions of Dr. Ray. The court has found this argument to be without merit, and ALJ need not have incorporated Dr. Ray's opinions into a hypothetical posed to the vocational expert. *See Ehrhart v. Secretary of Health and Human Services*, 969 F.2d 534, 540 (7th Cir. 1992) (stating that only limitations supported by the evidence must be included in hypothetical questions posed to vocational experts).

The plaintiff also argues that the vocational expert's testimony that the plaintiff could still perform her past relevant work as a teacher's aide is unreliable because the Dictionary of Occupational Titles classified the Teacher's Aide II position as semi-skilled work and the ALJ found that the plaintiff only had the

capacity for unskilled work. (Plaintiff's brief, at 14-15.) The vocational expert, however, testified that the specific job that the plaintiff performed was an unskilled position because the plaintiff's past position was a "copier" teacher's aide position. (*See* Tr. 69-70.) The vocational expert's testimony is consistent with the plaintiff's testimony at the hearing. (Tr. 65) (plaintiff states that she was a "copy aide.") The ALJ was entitled to rely upon the vocational expert's testimony. *See Donahue v. Barnhart*, 279 F.3d 441, 445-46 (7th Cir. 2002). In any event, the plaintiff does not appear to argue that she lacks the skills to perform her past relevant work as a teacher's aide. The plaintiff testified that she has an associate degree in early childhood education and that she has worked as a teacher's aide for approximately 12 years. (Tr. 34.)

Because the ALJ's findings are supported by substantial evidence, the court denies the plaintiff's appeal of the Commissioner's decision to deny the plaintiff DIB and SSI benefits.

Accordingly,

IT IS ORDERED that the plaintiff's appeal of the Commissioner's decision be and the same is hereby DENIED;

IT IS FURTHER ORDERED that this action be and the same is hereby DISMISSED.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this  27th  day of July, 2005.

BY THE COURT:

 s/ J. P. Stadtmueller
J. P. Stadtmueller
U.S. District Judge